IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADFORD WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1349 |
| | ) |
| COUNTY OF COOK, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

On May 14, 2008 this Court granted a one-month extension of time for the numerous defendants in this 42 U.S.C. §1983 ("Section 1983") action to answer the Complaint brought against them by Bradford White ("White"). Defense counsel used up that entire month (the stated purpose of the extension had been counsel's need to review the relevant documents and to speak with defendants) before filing the Answer on June 13. This memorandum order is issued sua sponte to require defense counsel to return to the drawing board--and promptly.

Except for admitting White's allegations as to jurisdiction and venue (Answer ¶¶1 and 2), virtually every other allegation has been met with a flat-out denial--there are a few exceptions in the form of disclaimers under the second sentence of Fed. R. Civ. P. ("Rule") 8(b)(disclaimers that give rise to deemed denials). But the totality of the Answer, with its repetitive tattoo of denials, frankly does not appear to meet the objective-good-faith obligation of counsel under Rule 11(b).

Under federal practice defendants as well as plaintiffs are obligated to conform to the requirements of notice pleading, with the goal being to make clear just what matters are and what matters are not in issue. That goal is regrettably defeated by the nature of the existing Answer. Accordingly it is stricken in its entirety, and defense counsel is granted until June 27, 2008 to file a more thoughtful and meaningful responsive pleading.

Something should be said as well as to the affirmative defenses ("ADs") that defense counsel has interposed at the end of the Answer. In light of the principles applicable under Rule 8(c) and the caselaw applying it (see also App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), counsel's return to the drafting process demands attention to the following:

1. Because AD 1 impermissibly challenges White's allegations and ignores the seminal teaching of <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976) it is stricken and should not be renewed.

2. AD 2 might perhaps be dispositive here, so that it must be better fleshed out in the new pleading.

3. ADs 3 and 4 play no role in this proceeding, in which White invokes his federal rights under Section 1983, so that any purported immunity set out in state law cannot

2

trump those rights.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  June 16, 2008