UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRADFORD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1349 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton Shadur |
| COUNTY OF COOK, a municipal corporation, | ) | |
| THOMAS DART, in his official | ) | |
| Capacity as the Sheriff of Cook | ) | |
| County Illinois, Deputy Cook county sheriff, | ) | |
| SALVADOR GODINEZ, in his Official Capacity | ) | |
| As the Director of the Cook County Jail, | ) | |
| DAVID FAGUS, in his Official Capacity as | ) | |
| Director of Cermak Health Services, | ) | |
| SERGIO RODRIGUEZ, in his Official Capacity | ) | |
| As Medical Director of Cermak Health Services, | ) | |
| MANNY, an employee of Thomas | ) | |
| Dart, Sheriff of Cook County, Illinois, | ) | |
| In his Official and individual capacities, | ) | |
| Deputy Cook county Sheriff HODGES, | ) | |
| An employee of Thomas Dart, Sheriff of Cook | ) | |
| County, JACQUELINE JACK, a clinical nurse | ) | |
| Employed at the RTU/Medical of the | ) | |
| Cook county Jail in her individual and | ) | |
| Official capacity, Nurse HILLIARD, a | ) | |
| Clinical nurse employed at the RTU/Medical of the | ) | |
| Cook county Jail in her individual and | ) | |
| Official capacity, Nurse WATSON, a | ) | |
| Clinical nurse employed at the RTU/Medical of the | ) | |
| Cook County Jail in her individual and | ) | |
| Official capacity, Nurse GARBO, a clinical nurse | ) | |
| Employed at the RTU/Medical of the Cook County | ) | |
| Jail and other unknown members | ) | |
| Of the Cook County Jail medical unit, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW come the Defendants, County of Cook, David Fagus, Jacqueline Jack, Nurse Hillard, Nurse Watson, and Nurse Garbo through their attorney RICHARD A. DEVINE, by his assistant, Michael A. Kuczwara Jr., and answer Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; the Judicial Code, 28 U.S.C. Sections 1331 and 1343; the Constitution of the United States; and pendent jurisdiction.

ANSWER: Defendants admit the allegations contained in paragraph 1.

2. Venue is proper because the acts and events that gave rise to this Complaint occurred within the Northern District of Illinois, Eastern Division.

ANSWER: Defendants admit the allegations contained in paragraph 2.

## PARTIES

3. Plaintiff, BRADFORD WHITE, is a citizen of the United States and a resident of Illinois. Plaintiff is a pre-trial detainee currently housed in Division VHI of the Cook County Jail. BRADFORD WHITE is a 23 year old African American male with Factor 13 deficient Hemophilia.

ANSWER: Defendants admit Bradford White is a 23 year old African American male, resident of Illinois, and is a pre-trial detainee currently housed in Division VIII. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Pursuant to Illinois Supreme Court decision in Carver v. Sheriff of LaSalle County. Defendant COUNTY OF COOK, is a necessary party to this suit.

ANSWER: Defendants admit the allegations contained in paragraph 4.

5. The County of Cook employs Defendants THOMAS DART, Deputy Sheriff, DAVID FAGUS, Director of Cermak Health Services, MANNY, Nurse JACQUELINE JACK, Nurse

HILLIARD, Nurse WATSON and other unknown employees of the Cook County Jail Medical Staff.

    ANSWER: Defendants deny Thomas Dart is employed by the County of Cook and admit the named defendant's without remaining in the allegations contained in paragraph 5.

    6.    Defendant, THOMAS DART ("Sheriff Dart") is the Sheriff of Cook County, Illinois. As such, he is the commanding officer of the Defendants, Director GODINEZ, Deputy Cook County Sheriff MANNY, and Deputy Cook County Sheriff HODGES, as more fully set forth below.

    ANSWER: Defendants admit the allegations contained in paragraph 6.

    7.    Sheriff DART in his official capacity is also responsible for formulating and supervising the policies, customs, and regulations of the Sheriffs Office of Cook County, Illinois, to ensure that an individual delivered to his custody is provided with prompt medical treatment.

    ANSWER: Defendants deny the allegations contained in paragraph 7.

    8.    Defendant SALVADOR GODINEZ is the Director of the Cook County Department of Corrections and as such confers with the Director of Cermak Health Services in formulating policy. He is also the commanding officer of Defendants MANNY and HODGES. In his official capacity as Director of Cook County Jail he is responsible for formulating and supervising the policies, customs, and regulations of the Cook County Corrections Department, for Cook County, Illinois, to ensure that an individual delivered to his custody is provided with prompt medical treatment.

    ANSWER: Defendants admit SALVADOR GODINEZ is the Director of the Cook County Department of Corrections and that he is also the commanding officer of Defendants Manny and Hodges. Defendants deny the Director of Cermak Health Services in formulating policy the allegations contained in paragraph 8. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining of paragraph 8.

9.    Defendant DAVID FAGUS, is the Director of Cermak Health services of Cook County and as such he is responsible for the day to day functioning of Cermak Health Services which includes the RTU/Medical Unit, Division 8, of the Cook County Jail. Defendant FAGUS also confers with the Director of Cermak Health Services in formulating policy.

ANSWER: Defendants admit that David Fagus is the Chief Operating Officer of Cermak Health services of Cook County and as such he is responsible for the day to day operation of Cermak Health Services and deny the remaining allegations contained in paragraph 9.

10.    Director FAGUS, in his official capacity, is one of the individuals ultimately responsible for the day to day operations of Cermak Health Services which is a division of the Cook County Jail. These duties and responsibilities include, among other things:

(a)    implementing policies to ensure that inmates receive prompt medical treatment while detained in the Cook County jail;

(b)    implementing- policies to ensure that grievances or complaints lodged by inmates including those related to medical problems are acted upon;

(c)    implementing policies to ensure the reasonable safety of inmates of the Cook County jail;

(d)    implementing policies to ensure that officers and employees do not inflict physical or emotional abuse on inmates and that they ensure that detainees with medical needs receive prompt medical attention;

(e)    providing competent medical personnel;

(f)    providing adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

ANSWER: Defendants admit Director FAGUS, in his official capacity, is one of the individuals ultimately responsible for the day to day operations of Cermak Health Services

which is a division of the Cook County Jail and deny the remaining allegations contained in paragraph 10 and its subparts.

11.     Defendant SERGIO RODRIGUEZ is the Medical Director of Cermak Health Services. As such he is the person directly responsible for clinical supervision of all licensed practical nurses including defendants JACK, MILLIARD, WATSON and GARBO.

ANSWER: Defendants admit that the medical director is ultimately responsible for clinical supervision and that SERGIO RODRIGUEZ was a former Medical Director, but deny SERGIO RODRIGUEZ is the current medical director.

12.     Medical Director RODRIGUEZ, in his official capacity, is one of the individuals ultimately responsible for the day to day operations of Cermak Health Services which is a division of the Cook County Jail. These duties and responsibilities include, among other things:

(a)     implementing policies to ensure that inmates receive prompt medical treatment while detained in the Cook County jail;

(b)     implementing policies to ensure that grievances or complaints lodged by inmates including those related to medical problems are acted upon;

(c)     implementing policies to ensure the reasonable safety of inmates of the Cook County jail;

(d)     implementing policies to ensure that officers and employees do not inflict physical or emotional abuse on inmates and that they ensure that detainees with medical needs receive prompt medical attention;

(e)     providing competent medical personnel;

(f)     providing adequate training for deputy sheriffs, guards and/or medical staff in identifying, treating and responding to medical complaints and needs of detainees.

ANSWER: Defendants admit the Medical Director, in his official capacity, is one of the individuals ultimately responsible for the day to day operations of Cermak Health Services

and deny the remaining allegations contained in paragraph 12 and its subparts.

13.     Defendant Deputy Sheriff MANNY is a duly appointed and sworn deputy sheriff and employee of Sheriff DART.

ANSWER: Defendants admit Deputy Sheriff Manney is a duly appointed sworn

deputy sheriff and employee of Sheriff Dart contained in paragraph 13.

14.     Defendant Deputy HODGES is a duly appointed and sworn deputy sheriff and employee of Sheriff DART.

ANSWER: Defendants admit the allegations contained in paragraph 14.

15.     Defendant Nurse JACQUELINE "JACKIE" JACK is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant JACK is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

ANSWER: Defendants admit Jacqueline Jack is a nurse employed by the County of Cook

and admit her location of her employment is Cermak Health Services, but deny the

remaining allegations.

16.     Defendant Nurse HILLIARD is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant HILLIARD is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

ANSWER: Defendants admit Nurse Hillard is a nurse employed by the County of Cook

and admit her location of her employment is Cermak Health Services, but deny the

remaining allegations.

17. Defendant Nurse WATSON is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant WATSON is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

> ANSWER: Defendants admit Nurse Watson is a nurse employed by the County of Cook and admit her location of her employment is Cermak Health Services, but deny the remaining allegations.

18. Defendant Nurse GARBO is a nurse employed by the County of Cook assigned to Cermak Health Services. Defendant GARBO is one of the persons assigned to the Cook County Jail whose responsibility it is to ensure that pre-trial detainees receive prompt and timely medical treatment.

Each of Defendants MANNY, HODGES, JACK, HILLIARD, WATSON and GARBO are employees of Cook County assigned to the RTU/Medical Unit at the Cook County Jail under the direction of Director FAGUS and/or Sheriff DART. On the date(s) and time(s) alleged in this Complaint, Defendants MANNY, HODGES, JACK, HILLIARD, WATSON and GARBO, while engaging in the conduct complained of, did so in the course and scope of her/their employment, as employee(s) and agent(s) of Defendant DART, Sheriff of Cook County, Illinois and/or Director FAGUS. More specifically:

(a) Defendants MANNY, HODGES, JACK, HILLIARD, WATSON and GARBO are the employees of Cook County and Sheriff DART and/or Director FAGUS who are directly responsible for making sure that pretrial detainees in the custody of the Cook County Jail who are in need of medical care are given access to prompt medical treatment or transported to a medical

facility.

    ANSWER: Defendants admit Defendant Nurse GARBO is a nurse employed by the County of Cook assigned to Cermak Health Services and Each of Defendants MANNY, HODGES, JACK, HILLIARD, WATSON and GARBO are employees of Cook County assigned to the RTU/Medical Unit at the Cook County Jail and deny the remaining allegations contained in paragraph 18 and all its subparts.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19.    Upon admission to the Cook County Jail, in September 2007 and prior to December 2007, BRADFORD WHITE had been diagnosed with a rare type of Hemophilia known as Factor 13 deficient Hemophilia. The deputies and medical personnel assigned the RTU/Medical Unit at the Cook County Jail, including defendants MANNY, HODGES, JACK, HILLIARD, WATSON and GARBO had been informed repeatedly, and they knew, or should have known, that Bradford had a life threatening medical condition. In fact, he was placed in the medical section as a result of the call.

    ANSWER: Defendants deny the allegations contained in paragraph 19.

20.    While Bradford White was a pre-trial detainee at the Division V of the Cook County Department of Corrections at the RTU/Medical Unit, he was seen monthly at John H. Stroger Hospital for treatment and evaluation of his medical condition. Moreover, the medical staff at John H. Stroger Hospital made arrangements with the medical staff at the Cook County Department of Corrections to have Bradford sent to the Emergency Room at Stroger Hospital if there was any evidence of bleeding since Cermak Health Services, which includes the RTU/Medical Unit, does not have clotting factors on site.

    ANSWER: Defendants deny the allegations contained in paragraph 20.

21. In October 2007, Bradford White injured his leg while a detainee in RTU/Medical Unit and requested to be taken to the hospital for treatment. The medical staff refused to take Bradford to the hospital for three days despite his constant complaints that he was a Hemophiliac and required immediate care. He was eventually transported and treated at John H. Stroger Hospital where his status as a Factor 13 deficient Hemophiliac was confirmed.

    ANSWER: Defendants deny the allegations contained in paragraph 21.

22. In October 2007, as a result of this incident, Bradford's family members as well as medical personnel at John H. Stroger Hospital again made the medical staff at Cermak Health Services aware of Bradford's medical condition. Specifically, family members and medical personnel at John H. Stroger Hospital contact the staff at Cermak Health Services and stressed that if Bradford became symptomatic it was necessary to transport him immediately to the emergency room at John Stroger Hospital or a similar facility.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Bradford was seen at the clinic at John H. Stroger Hospital on December 12, 2007. According to medical personnel, Bradford was doing well at that time.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. On Friday, December 14, 2007, Bradford White began to experience numbness in his foot. He immediately complained to Defendant Deputy Sheriff MANNY. Bradford explained his condition and symptoms to the Deputy. Defendant MANNY told Bradford that he was not going

anywhere despite his repeated complaints and he refused to contact the medical staff.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     On Saturday, December 15, 2007 the numbness in Bradford's foot had spread to his entire right leg. Bradford was well aware of his condition and knew that these symptoms signaled possible bleeding. He begged Defendant Deputy MANNY to contact the medical staff but he MANNY told him he was just "stressed." Bradford then grabbed the phone and tried to call his family but Defendant deputy MANNY stopped him. Deputy MANNY then handcuffed Bradford and transported him to the dispensary where he was seen by Defendant Nurses JACQUELINE JACK .and MILLIARD. Bradford was limping noticeably as he walked to the dispensary.

ANSWER: Defendants deny the allegations contained in paragraph 25.

26.     While he was at the dispensary, Bradford immediately reminded the nurses about his medical condition. Nurses JACK and MILLIARD responded by taking his vital signs, had him wiggle his toes and told him "If you can walk here there's nothing wrong with you." Bradford was then returned to the tier without further treatment. His symptoms did not abate. In fact, Bradford began to develop severe headaches and the numbness continued to spread.

ANSWER: Defendants deny the allegations contained in paragraph 26.

27.     When he returned to the tier, Bradford and other detainees told Defendant MANNY that the symptoms were progressing. Defendant MANNY said that there was nothing the nurses could do and that Bradford would have to wait to be seen during sick call the next morning. He then told Bradford to have a cigarette and relax.

ANSWER: Defendants deny the allegations contained in paragraph 27.

28.     By Sunday, December 16, 2007, Bradford was paralyzed on his right side including his right arm. His headache was excruciating and he was groaning in pain unable to get out of bed.  Bradford told Defendant Deputy HODGES that he was unable to move. Defendant WATSON and two or three other nurses eventually came to the tier with a wheel chair and other pre-trial detainees assisted Bradford into said wheel chair.  He was taken to the dispensary and his vitals were taken.  Even though Bradford could not walk, was in visible pain, was crying and was complaining of symptoms of his Hemophilia, defendant WATSON told Bradford that nothing was wrong with him and that he would have to wait for the 7 a.m. to 3 p.m. shift for sick call. In fact, the nurses remarked that he wasn't bleeding so he must be alright.

    ANSWER: Defendants deny the allegations contained in paragraph 28.

29.     A detainee whose bed was located near Bradford was so concerned by the medical staffs refusal to treat or obtain prompt medical treatment for Bradford (whose symptoms of paralysis, headaches which caused him to cry in pain, were by now apparent to a lay person), that he placed a phone call to Bradford's family to inform them about what was happening to Bradford. Bradford's family members contacted the medical personnel at John H. Stroger Hospital and Children's Memorial Hospital who in turn called the jail to question the medical staff about Bradford's health. Bradford's family also immediately began to contact Cermak Health Services by phone and by email.

    ANSWER: Defendants are without knowledge or information sufficient to form a

    belief as to the truth of the allegations contained in paragraph 29.

30.     By Monday, December 17, 2007, Bradford's headaches were blinding, he was having difficulty breathing and he was throwing up blood. However, it wasn't until medical

personnel from John H. Stroger Hospital contacted the staff at the jail that Bradford was finally transported to the emergency room at John H. Stroger Hospital. He was thereafter diagnosed with a brain hemorrhage and paralysis and he was admitted to the intensive care unit where he received multiple blood transfusions. Bradford was in intensive care for more than two weeks.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.    After spending several weeks at John H. Stroger Hospital, Bradford was eventually returned to the RTU/Medical Division of the Cook County Jail. However, even though his doctors have prescribed extensive physical therapy to help him regain use of his right side, the medical staff at Cook County Hospital has not been providing him with access to said therapy.

    ANSWER: Defendants deny the allegations contained in paragraph 31.

32.    That as a result of the defendants' refusal to provide BRADFORD WHITE with prompt medical treatment he has suffered partial paralysis, permanent neurological damage and now must use a cane to ambulate.

    ANSWER: Defendants deny the allegations contained in paragraph 32.

33.    That numerous pretrial detainees other than BRADFORD WHITE have also filed complaints or grievances alleging that they were denied prompt medical care for medical needs requiring immediate medical treatment.

    ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.    That it is a policy, custom or practice of Defendants Cook County Sheriff DART

and/or Director GODINEZ to obstruct, discourage, prevent or interfere with medical care to pre-trial detainees in need of immediate medical treatment. It is Defendant DART and/or GODINEZ's policy regarding the deputy sheriffs assigned to guard the RTU/Medical Unit to "cross-watch" several tiers simultaneously. This is a well known security risk. In addition, it obstructs, prevents and interferes with the deputy sheriff's ability to detect signs and symptoms of medical emergencies. It further prevents the deputy sheriffs from administering first aid, following procedures of obtaining emergency medical care and transferring patients to appropriate medical facilities or health care providers. Defendants DART and/or GODINEZ are aware of the fact that deputy sheriffs assigned to guard the RTU/Medical Unit are normally the first staff members to receive complaints of medical problems from detainees. Defendants DART and/or GODINEZ provide said employees the discretion whether to contact the medical staff after receiving a medical complaint.

ANSWER: Defendants deny the allegations contained in paragraph 34.

35. That it is the policy, custom or practice of Defendants DAVID FAGUS, Director of Cermak Health Service and/or SERGIO RODRIGUEZ, Medical Director of Cermak Health Services to obstruct, discourage, prevent or interfere with medical care to pre-trial detainees in need of immediate medical treatment. Both Defendants FAGUS and RODRIGUEZ are aware of the fact that the nurses assigned to the RTU/Medical Unit do not maintain medical records on individual detainees, do not view medical records or practice basic nursing techniques. Nurses do not familiarize themselves with a detainee's medical condition nor do they practice any type of follow-up or continuing care. Moreover, nurses are not required to take histories of detainees or document changes in their conditions or reactions or responses to treatment or medications. In fact, nurses do not have access to a detainees' medical records. Moreover, both defendants FAGUS and RODRIGUEZ are aware of the fact that the nurses at the RTU/Medical Unit do not perform most of the duties promulgated in their job descriptions. It is the policy, custom or practice of defendants

FAGUS and RODRIGUEZ to merely allow nurses assigned to the RTU/Medical Unit to dispense medication and take vital signs. Nurses are not allowed to employ basic nursing discretion or make basic nursing diagnoses pursuant to said policies, customs or practices.

Furthermore, it is the policy of Defendants FAGUS and RODRIGUEZ to make detainees wait to fill out a "yellow sheet", place it into a box and wait long periods of time to be screened by a nurse in order to even see a doctor. Defendants FAGUS and RODRIGUEZ follow these customs, practices and policies of denying immediate medical treatment at Division 8 of the Cook County Jail that is persistent and widespread in spite of the fact that they are aware of said problem, hi fact, in 2007 Cook County settled a wrongful death law suit involving many of the same nurses (Nurses JACK and WATSON) who were faced with the identical allegations involved in this case.

ANSWER: Defendants deny the allegations contain in paragraph 35.

## COUNT I
### Deprivation of Civil Rights under Color of State Law
### IN VIOLATION OF 42 U.S.C. § 1983
### (THOMAS DART, DEPUTY MANNY, DEPUTY HODGES, JACQUELINE JACK, Nurse BILLIARD, Nurse WATSON, Nurse GARBO)

36. No employee, agent or servant of Defendants DART, GODINEZ, FAGUS and/or RODRIGUEZ provided medical care to BRADFORD WHITE because of a policy, custom or regulation of Defendants DART, GODINEZ, FAGUS and/or RODRIGUEZ which denied pretrial detainees access to immediate medical treatment. Nurses employed at the RTU/Medical Unit, Division VIII of the Cook County Department of Corrections are not required to familiarize themselves with pre-trial detainees medical histories, act on medical complaints requiring immediate treatment or follow basic nursing practices. Moreover, it is Defendants policy, custom and practice to limit nurses to dispensing medication. The policy, custom or regulation of defendant DART, GODINEZ, FAGUS and/or RODRIGUEZ did not require Deputy Cook County Sheriffs or nurses to make competent medical treatment immediately accessible for pre-trial detainees in need of emergency medical care, Instead,

pre-trial detainees must wait for long periods of time for access to medical treatment even when they are in need of immediate care. The policy, procedure, custom or regulation fails to include a system for identifying or diagnosing pre-trial detainees who need immediate care, monitoring their condition and responding to their complaints in a reasonable fashion even when immediate care is required. This is true even where a pre-trial detainee with Factor 13 deficient Hemophilia repeatedly complains of headaches, pain, numbness, paralysis, difficulty breathing and vomiting blood.

ANSWER: Defendants deny the allegations contained in paragraph 36.

37. In the alternative, despite the policy, custom or regulations of defendants DART, GODINEZ, FAGUS and/or RODRIGUEZ to make medical treatment immediately accessible to pre-trail detainees in need of emergency treatment the acts of Defendants MANNY, HODGES, JACK, HELLIARD, WATSON and GARBO failed to respond to Plaintiffs constant medical complaints and needs over a period of more than three days, as described above. These acts were done maliciously, willfully and wantonly, intentionally, and/or with reckless disregard and gross negligence or gross recklessness and/or deliberate indifference towards the plaintiffs rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. Section 1983. BRADFORD WHITE repeatedly told Defendants that he was experiencing pain, headaches, numbness, paralysis, and shortness of breath. Moreover, BRADFORD WHITE displayed physical manifestations of his illness in that he could not walk and was groaning in pain. He eventually had difficulty breathing and began vomiting blood. In addition, the defendants had been informed of the fact that BRADFORD WHITE had a rare medical condition which would require that he be transported to the emergency room at John H. Stroger Hospital if he became symptomatic. However, no matter how often he pleaded for help he was told to be quiet or that there was nothing wrong with him. At no time was BRADFORD WHITE ever sent for an

examination or given any type of treatment at a facility equipped to handle his type of illness. Instead, the Defendants ignored him even while his symptoms became increasingly severe.

    ANSWER: Defendants deny the allegations contained in paragraph 37.

## COUNT II
## (PENDANT STATE CLAIMS)

### Negligence -Willful and Wanton

Now comes the Plaintiff, BRADFORD WHITE, by his Attorneys, Jerry Bischoff and Michael Rediger, complaining of defendants, THOMAS DART, SALVADOR GODINEZ, SERGIO RODRIGUEZ, DAVID FAGUS, Deputy Sheriff MANNY, HODGES, JACQUELINE JACK, HILLIARD, WATSON and GARBO state:

1 - 37. Plaintiff re-alleges Paragraphs 1 through 37 as and for Paragraphs 1 through 37 of Count H, as though fully set out herein.

    ANSWER: Defendants re-state their answers to allegations contained in paragraphs 1 through 37 and paragraphs 1 through 37 of Count H.

38. That at all times relevant hereto, there existed an Illinois statute, 55 ILCS 5/3-6016, which states that a sheriff shall be vicariously liable for the negligent acts of his deputies.

    ANSWER: Defendants admit the existence of 55 ILCS 5/3-6016, but deny its applicability here.

39. The defendants had a duty to ensure that persons in their custody who are in need of immediate medical treatment receive prompt medical care and to be free from willful and wanton conduct.

    ANSWER: Defendants deny the allegations contained in paragraph 39.

40. At the aforesaid tune and place, defendants, THOMAS DART, Deputy Sheriff MANNY, HODGES, JACQUELINE JACK, HILLIARD, WATSON and GARBO were willful and wanton and breached their duty in one or more of the following respects:

   (a)   with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment to BRADFORD WHITE for more than three days despite his repeated complaints of illness;

   (b)   with an utter indifference and conscious disregard for safety, knowingly failed to provide medical treatment in violation of 725 ILCS 5/103-2 where BRADFORD WHITE repeatedly complained of illness;

   (c)   with an utter indifference and conscious disregard for safety, knowingly failed to provide access to competent medical personnel despite being informed by BRADFORD WHITE, his physicians and his family that he was a factor 13 deficient Hemophiliac;

   (d)   with an utter indifference and conscious disregard for safety, knowingly failed to implement procedures whereby pre-trial detainees in their custody in need of immediate medical care can be promptly given immediate access to medical treatment;

   (e)   with an utter indifference and conscious disregard for safety, knowingly failed to transport BRADFORD WHITE to a hospital or medical facility despite his repeated complaints of headache, numbness, paralysis, shortness of breath, vomiting and stating to the defendants that he was a factor 13 deficient hemophiliac;

   (f)   with an utter indifference and conscious disregard for safety, knowingly failed to provide adequate training or procedures for deputy sheriffs, guards and/or medical staff to follow in identifying signs and symptoms of a medical emergency, responding to medical complaints and providing or obtaining access to emergency medical care;

   (g)   with an utter indifference and conscious disregard for safety, knowingly Failed to follow Cook County Sheriff Department policies regarding providing timely medical care and treatment to pre-trial detainees;

   (h)   with an utter indifference and conscious disregard for safety, knowingly employed a course of action by which employees ignored the medical needs of pre-trial detainees including plaintiffs decedent despite knowledge of specific medical conditions and needs; and

   (i)   with an utter indifference and conscious disregard for safety, knowingly employed policies, customs and practices that denied immediate medical treatment to pre-trial detainees in need of immediate medical treatment;

   (j)   with an utter indifference and conscious disregard for safety, knowingly

failed to obtain timely medical help for BRADFORD WHITE.

ANSWER: Defendants deny the allegations contained in paragraph 40 and all its subparts.

41.     As a proximate result of one or more of the aforesaid acts or omissions, plaintiff BRADFORD WHITE, suffered injuries of a severe and diverse nature including, intentional infliction of emotional distress, future emotional distress, pain and suffering, future pain and suffering, neurological damage and paralysis, future medical expenses.

ANSWER: Defendants deny the allegations contained in paragraph 41.

## AFFIRMATIVE DEFENSES

Defendants, David Fagus, Jacqueline Jack, Nurse Hillard, Nurse Watson, and Nurse Garbo, through their attorney RICHARD A. DEVINE, by his assistant, Michael A. Kuczwara Jr. plead the following Affirmative Defenses to Plaintiff's Complaint:

1. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004).

2. Defendant, Cook County, is a local public entity. Accordingly, is immune from punitive damage awards. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

## JURY DEMAND

Defendants, respectfully demand trial by jury.

                Respectfully submitted,

                RICHARD A. DEVINE
                COOK COUNTY STATE'S ATTORNEY

By:   /s/ Michael A. Kuczwara Jr.
       Michael A. Kuczwara Jr.
       Assistant State's Attorney

Michael A. Kuczwara Jr.
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3233