IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRADFORD WHITE,            )
                           )
            Plaintiff,     )
                           )
    v.                     )    No. 08 C 1349
                           )
COUNTY OF COOK, et al.,    )
                           )
            Defendants.    )

## MEMORANDUM ORDER

Defendants have filed their Answer to the Amended Complaint ("AC"), filed against them by Bradford White ("White"), which recounts an appalling course of conduct on the part of Cook County Department of Corrections ("County Jail") personnel--an account that Fed. R. Civ. P. ("Rule") 8(c) and its caselaw compel defendants to accept as true for the purposes of any affirmative defenses ("ADs") appended to the Answer--see also App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[1] In that respect the Answer is followed by this AD 1:

> The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a). <u>See</u> <u>Dale v. Lappin</u>, 376 F.3d

---

[1] If White's account is at all accurate, the constitutional standard of "deliberate indifference" would be a pale shadow of the shocking conduct that he ascribes to defendants (leaving aside Sheriff Thomas Dart, County Jail Director Salvador Godinez and Cermak Health Services Medical Director Sergio Rodriguez, each of whom is charged with a failure of administrative responsibility). As reflected in the text, this Court is not in a position to--and it does not--express any view as to the facts underlying White's claim.

652, 655 (7th Cir. 2004).

Defense counsel is ordered to file, on or before December 12, 2008, a statement as to the administrative remedies that White effectively had available to him in the emergency situation that he confronted, so as to trigger the operation of 42 U.S.C. §1997e(a). In addition to that statement, defense counsel are required to explain the bases for the Rule 8(b)(5) disclaimers contained in Answer ¶¶22, 24 and 33 (which ascribe conduct to some defendants themselves, and as to which those defendants must perforce have knowledge).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2008

2