```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

BRADFORD WHITE,                  )
                                 )
                 Plaintiff,      )
                                 )
     v.                          )    No. 08 C 1349
                                 )
COUNTY OF COOK, et al.,          )
                                 )
                 Defendants.     )
```

## MEMORANDUM ORDER

Several of the defendants in this 42 U.S.C. §1983 action (referring to themselves collectively as "Sheriff Defendants") have just filed their Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") brought against them and other defendants by Bradford White ("White"). This memorandum order is issued sua sponte to correct a pervasive error in that responsive pleading.

Many of White's allegations in the SAC have elicited an effort on Sheriff Defendants' part to get the benefit of deemed denials by means of disclaimers under Fed. R. Civ. P. ("Rule") 8(b)(5). But counsel's failure to track the express roadmap marked out by that Rule has created a problem where none should exist. Instead of conforming to the Rule's language by stating that they "lack[ ] knowledge <u>or</u> information sufficient to form a belief about the truth of an allegation," each disclaimer is stated in terms of lacking "knowledge <u>and</u> information."

In literal terms a party could have ample <u>information</u>

sufficient to form a belief even while lacking actual knowledge, and in that event the party could not claim the benefit of a deemed denial under Rule 8(b)(5). There was a good reason that the drafters of the Rule set the hurdle higher than that by requiring the disclaimer to be framed in disjunctive rather than conjunctive terms, and the present pleading does not meet that requirement.

Instead of sending Sheriff Defendants' counsel back to the drawing board to recast the 22-page responsive pleading, this Court simply orders that "insufficient information and knowledge" is revised to read "insufficient information or knowledge" wherever that phrase appears in the present Answer. If on further examination Sheriff Defendants' counsel finds that such revision creates any problem in terms of meeting the requirement of subjective and objective good faith imposed on every pleader by Rule 11(b), counsel will be expected to bring that subject to the fore by a motion for leave to amend the present responsive pleading.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 9, 2009